# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

KATISHA JORDAN,

    Plaintiff,

v.          Case No.:

ALIGHT SOLUTIONS, LLC.,

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, KATISHA JORDAN ("Plaintiff" or "Jordan"), through the undersigned counsel, and files her Complaint and Demand for Jury Trial against Defendant, ALIGHT SOLUTIONS, LLC. ("Defendant" or "Alight"), and in support, she states the following:

## NATURE OF THE CLAIMS

1.  This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"); and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq.* ("FCRA"), and to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful pattern and practice of discrimination against

1

Plaintiff due to her disability/handicap, use of FMLA leave, race and retaliation against Plaintiff leading to her unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA, FMLA, and Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff Jordan is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Orange County.

6. Defendant Alight is a foreign limited liability company with its principal place of business in Lincolnshire, Illinois.

7. Defendant does business in this judicial district, and Plaintiff worked for Defendant at its 2300 Discovery Drive, Orlando, Florida 32826 location.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On June 22, 2020, Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability, race, and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred (300) days after the unlawful employment practices occurred.

12. On February 11, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue upon request.

13. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff was employed by Defendant for approximately fourteen (14) years.

15. At the time of Plaintiff's termination, she worked for Defendant as a full-time Senior Customer Service Representative.

16. Plaintiff is an African American female.

17. Plaintiff is a disabled female under the ADA.

18. Plaintiff suffers from a serious health condition as defined by the FMLA.

19. Plaintiff suffers from disabilities including but not limited to anxiety and depression.

20. At all times relevant to this action, Plaintiff was a qualified individual with a disability/handicap within the meaning of the ADA and FCRA. Plaintiff has an actual disability/handicap, has a record of being disabled/handicapped, and/or is perceived as being disabled/handicapped by Defendant.

21. Plaintiff's disability/handicap impacts her major life activities, including but not limited to sleeping and concentrating.

22. Plaintiff's manager, Kim Savage (Caucasian), learned of Plaintiff's disability/handicap.

23. Defendant failed to engage in the interactive process with Plaintiff.

24. Ms. Savage harassed Plaintiff because of her disability/handicap and race.

25. Plaintiff complained to Human Resource Representative Melanie Brunelle about Ms. Savage's conduct and race-based discrimination on multiple occasions.

26. Plaintiff even requested Defendant transfer her to a new team to escape the hostile work environment. However, Defendant refused to transfer Plaintiff.

27. Plaintiff also inquired with her then manager Emily Jones, Manager, about an open customer service specialist position. However, Defendant told Plaintiff she did not qualify for the position because she missed too many days due to using FMLA leave and that a non-disabled employee, Faril (last name unknown) who did not use FMLA leave would be a better fit.

28. In late 2019, Defendant hired a new manager for Plaintiff's team, Karen Schneider-Topa (Caucasian).

29. Almost immediately, Ms. Schneider-Topa continued the pattern of discrimination and harassment as Ms. Savage had.

30. In March 2020, Plaintiff applied for intermittent leave under the FMLA through Reed Group Management, LLC., Defendant's third-party administrator.

31. Plaintiff was approved for intermittent protected medical leave for her own serious health condition from March 11, 2020, to December 30, 2020, with a duration and frequency of nine (9) monthly absence(s) of eight (8) hour(s) each.

32. Due to Plaintiff's race and to interfere with and discourage Plaintiff from using FMLA Ms. Schneider-Topa stated you al abuse the process when speaking with Plaintiff and another employee, implying that Plaintiff abused her FMLA leave because she is African American.

33. Ms. Schneider-Topa also stated that FMLA is "only to be used when needed" to harass and discourage Plaintiff.

34. Additionally, after moving into a temporary workspace Ms. Schneider-Topa was seated near Plaintiff.  Due to Plaintiff's race, Ms. Schneider-Topa asked Plaintiff if she can be trusted and moved Plaintiff's seat.  Ms. Schneider-Topa then sat a non-African American employee in Plaintiff's seat and did not ask the non-African American employee if she could be trusted.

35. Defendant failed to promote Plaintiff to a vacant customer service position that she was qualified for due to her disability/handicap, use of FMLA leave, and race.

36. Defendant then placed a non-disabled, non-African American individual with less experience and tenure than Plaintiff into the position.

37. Defendant's proffered reason for not promoting Plaintiff was that she missed too many days and was not there often enough to receive a promotion.

38. However, the days Defendant referred to were most, if not all, taken as FMLA leave.

39. Furthermore, Defendant's policy permitted management to control "extra projects" that employees worked on. Participation in these extra projects impacted an employee's qualifications for promotions. Many times, there was not an application process for these projects.

40. When left to management, specifically Ms. Schneider-Topa, Plaintiff was never chosen to participate due to Ms. Schneider-Topa's discrimination against Plaintiff due to her disability/handicap and race and retaliation for Plaintiff's FMLA use and protected complaints.

41. To harass Plaintiff due to her use of FMLA leave, in February 2020, Ms. Schneider-Topa issued Plaintiff a final warning alleging Plaintiff did not properly notify Ms. Schneider-Topa of her use of FMLA days. Plaintiff immediately escalated her concerns about the retaliatory and harassing write up to Ms. Brunelle, Erin Poliskie, and Cheryl Buchanan wherein Plaintiff explained she emailed Ms. Schneider-Topa in accordance with Defendant's policies.

42. Plaintiff further complained to Ms. Brunelle about Ms. Schneider-Topa's inappropriate conduct in the workplace.

43. Plaintiff required the use of her FMLA leave for the afternoon of March 27, 2020 and Monday March 30, 2020. In compliance with Defendant's policies, Plaintiff emailed her managers Ms. Schneider-Topa, Valentina Bonilla, and Jovan Rodriguez, to advise them of the same.

44. Shortly thereafter Defendant terminated Plaintiff's employment.

45. Defendant alleged Plaintiff did not properly call out on March 27, 2020. However, Plaintiff followed proper procedures as she emailed her managers Ms. Schneider-Topa, Bonilla, and Mr. Rodriguez prior to leaving the office.

46. Plaintiff was terminated due to the discriminatory animus towards her disability/handicap and race, and in retaliation for her use of FMLA leave and complaints about and opposing discrimination.

47. Plaintiff has been damaged by Defendant's unlawful conduct.

48. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:  Disability Discrimination in Violation of the ADA

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

50. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

51. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

52. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

53. Defendant violated the ADA by terminating her and discriminating against Plaintiff based on her disability.

54. Defendant intentionally discriminated against Plaintiff based on her disability.

55. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress for which Plaintiff is entitled to an award of monetary damages and other relief.

### Count II: Retaliation in Violation of the ADA

56. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

57. Defendant intentionally retaliated against Plaintiff for engaging in protected activity when she requested a brief medical leave due to her disability by unlawfully terminating her employment.

58. Defendant's conduct violates the ADA.

59. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

60. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

61. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count III: Race Discrimination in Violation of Title VII

62. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

63. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

64. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her race, African American.

65. During the course of Plaintiff's employment with Defendant, Defendant, by and through its agents and employees, discriminated against Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of her race in violation of Title VII.

66. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities as a result of Defendant's unlawful employment practices.

67. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation, and emotional distress.

68. Plaintiff is entitled to general and compensatory damages.

69. Defendant's conduct was willful, wanton, malicious, and done in reckless disregard for the well-being of Plaintiff. Plaintiff is entitled to punitive or exemplary damages.

## Count IV: Retaliation in Violation of Title VII

70. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

71. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

72. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

73. Defendant's conduct violated Title VII.

74. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

75. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

76. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

### Count V:  FMLA Retaliation

77. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

78. Plaintiff is a covered "employee" as defined by the FMLA because she worked at least 1,250 hours of service during the twelve (12) months preceding the leave and worked at a location where the employer has at least fifty (50) employees within seventy-five (75) miles.

79. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than fifty (50) employees employed at Plaintiff's work location in twenty (20) or more workweeks in the calendar year preceding the leave request.

80. Plaintiff exercised or attempted to exercise her rights under the FMLA.

81. Defendant retaliated against Plaintiff for exercising or attempting to exercise her rights under the FMLA.

82. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

83. Plaintiff was injured due to Defendant's willful violations of the FMLA, and she is entitled to legal relief.

### Count VI: Race Based Discrimination in Violation of the FCRA

84. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

85. At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of her race; Plaintiff is African American.

86. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

87. Defendant violated the FCRA by discharging and discriminating against Plaintiff based on her race.

88. Defendant intentionally discriminated against Plaintiff based on her race.

89. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

90. Defendant was on notice of the discrimination since at least as early as 2012 by Plaintiff's repeated reports of same. Despite the notice and refusal to remediate the situation, Defendant condoned the discriminatory treatment. The discriminatory treatment and failure and refusal to remedy the same were in violation of the FCRA, were outrageous and malicious with the intent to injure Plaintiff and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

### **Count VII: Retaliation in Violation of the FCRA**

91. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

92. Plaintiff engaged in protected activity under the FCRA while when she raised her concerns to Defendant.

93. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

94. Defendant's conduct violated the FCRA.

95. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

96. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

97. Defendant has willfully engaged in retaliation against Plaintiff. Despite being on notice of the retaliatory treatment and its refusal to remediate the situation, Defendant condoned the retaliation. The retaliation, failure, and refusal to stop and/or remedy the retaliation was done with malice and reckless indifference to Plaintiff's protected rights, entitling her to punitive damages.

**Count VIII: Handicap Based Discrimination in Violation of the FCRA**

98. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

99. Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

100. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

101. Defendant violated the FCRA by terminating and discriminating against Plaintiff based on her handicap.

102. Defendant intentionally discriminated against Plaintiff based on her handicap.

103. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

104. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and or punitive damages.

### Count IX: Retaliation in Violation of the FCRA

105. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

106. At all times relevant to this action, Plaintiff was a qualified employee with a handicap under the FCRA.

107. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

108. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

109. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with

conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other, and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
Florida Bar No: 099040
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
*Counsel for Plaintiff*